IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT BLAKE,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:11-cv-00379

MOUNT OLIVE CORRECTIONAL COMPLEX, et al.

        Defendants.

MEMORANDUM OPINION AND ORDER

By standing order entered August 1, 2006, and filed in the above-styled case, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings recommendation (PF&R).  Magistrate Judge Stanley entered a PF&R on August 17, 2011, recommending that this Court dismiss the case for failure to pay the filing fee within thirty days as instructed by the magistrate judge.  For the reasons contained in this opinion and order, the Court **ADOPTS** the PF&R in full; **DISMISSES** the complaint; and **DISMISSES** the case from the docket.

Robert Blake is a prisoner at Mount Olive Correctional Complex and the plaintiff in over twenty civil cases filed in this district since 2009.  In each of his cases, Mr. Blake's allegations are similar: his universal remote is broken; his property in Wetzel County, West Virginia, was sold without his authorization; the prison is removing money from his accounts; he is charged for items he does not receive; his knee hurts; he was killed multiple times in multiple ways by several of the defendants; he was castrated by a nurse; a snake was loosed in his cell; a counselor mashed up his hand; he does not receive his legal mail.

As detailed by the magistrate judge and this Court on several occasions, the majority of Mr. Blake's cases have already been dismissed.  Most important among these cases are *Blake v. Miller*, No. 2:10-cv-00031, dismissed as legally frivolous on March 3, 2011; *Blake v. Allen*, No. 2:10-cv-01089, dismissed for failure to state a claim on November 3, 2010, by Chief Judge Joseph R. Goodwin; and *Blake v. Ballard*, No. 2:10-cv-1152, dismissed as legally frivolous on October 28, 2010, by Chief Judge Goodwin.  Together, these three dismissals amount to "three strikes" under the Prison Litigation Reform Act of 1995 (PLRA).  The sanction for accruing three such dismissals is the loss of the right to proceed without prepayment of fees and costs.  *See* 28 U.S.C. § 1915(g) (denying IFP status for prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed . . . [as] frivolous, malicious, or fail[ing] to state a claim . . . .").  The sole exception to the three strikes sanction is for prisoners facing "imminent danger of serious physical injury."  *See id.*

Magistrate Judge Stanley concluded that Mr. Blake accrued three strikes under the PLRA and failed to state any facts indicating that he is under imminent danger of serious physical injury.  Accordingly, on June 23, 2011, Magistrate Judge Stanley denied Mr. Blake's application to proceed without prepayment of fees and costs, and she instructed Mr. Blake to pay the fees and costs in full within thirty days or face dismissal.  On August 17, 2011, nearly one month after the expiration of the thirty-day payment period, Judge Stanley entered a PF&R recommending that the Court adopt the findings in her June 23, 2011, order and dismiss the above-styled case with prejudice for failure to pay the appropriate fees and costs.  Objections to Magistrate Judge Stanley's PF&R were due on September 6, 2011.

2

On August 31, 2011, Blake filed a notice of appeal in this Court. The notice did not specify an order being appealed, but the Fourth Circuit construed the notice to be directed at Magistrate Judge Stanley's June 23 order denying IFP status. That appeal was dismissed for failure to prosecute on October 25, 2011. Assuming without deciding that the appeal tolled to period for filing objections to Magistrate Judge Stanley's PF&R, objections were due no later than November 2, 2011.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orphiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Although the notice of appeal was interpreted to challenge Magistrate Judge Stanley's original order denying IFP status, it closely followed the PF&R. To the extent the notice of appeal has legal import in this case, it may be considered a general objection to the PF&R. Lodging timely and coherent objections to the PF&R has the effect of a mandatory appeal before the district court. As an objection to the PF&R, Mr. Blake's notice of appeal fails to direct the Court to any error in the magistrate judge's findings. Nonetheless, an independent review of this case indicates that the magistrate judge made no error. Robert Blake has accrued three strikes under the PLRA, and he has

3

not stated any facts to indicate he is in imminent danger of serious physical injury.  Therefore, he is ineligible for IFP status in his remaining civil actions and all future cases and appeals.

For the reasons set forth more fully above, the Court **ADOPTS** the PF&R; **DISMISSES** the complaints in the listed case; and **DISMISSES** the above-styled case from the Court's docket.  A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 8, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE